1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE CARLOS ROJAS,

11          Petitioner,                    No. CIV S-07-0911 GEB DAD P

12      vs.

13   M.S. EVANS, et al.,

14          Respondents.          FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with an amended petition for a writ

17   of habeas corpus pursuant to 28 U.S.C. § 2254.  Before the court is respondents' motion to

18   dismiss the petition as filed beyond the one-year statute of limitations.  On October 26, 2007,

19   petitioner filed a timely opposition to the motion.

20   I.  Procedural Background

21          For statute of limitations purposes, the relevant chronology of this case is as

22   follows:

23          1.  On March 14, 2003, petitioner was sentenced following his conviction for

24   possession of heroin and possession of heroin for sale.  Petitioner was sentenced to a state prison

25   term of twenty-five years to life.  (Lod. Doc. 1, lodged Oct. 15, 2007.)

26   /////

1

2. On September 30, 2004, the California Court of Appeal for the Third Appellate District, affirmed petitioner's judgment of conviction. (Lod. Doc 2.) Petitioner did not seek appellate review by the California Supreme Court and pursuant to Rules 8.264(b) and 8.500(e) of the California Rules of Court, the judgment became final forty days later on November 9, 2004.

3. On September 8, 2005, petitioner filed a petition for writ of habeas corpus with the Sacramento County Superior Court. (Lod. Doc. 3.)[1] The Superior Court denied the petition on September 21, 2005. (Lod. Doc. 4.)

4. On October 19, 2005, petitioner filed a petition for writ of habeas corpus with the California Court of Appeal for the Third Appellate District. (Lod. Doc. 5.) That petition was denied on November 10, 2005. (Lod. Doc. 6.)

5. On April 13, 2006, the California Supreme Court received and filed a petition for writ of habeas corpus filed by petitioner bearing the date of December 10, 2005. (Lod. Doc. 7.) On November 29, 2006, that petition was denied. (Lod. Doc. 8.)

6. On May 14, 2007, petitioner filed his federal habeas petition with this court. Although it reflects the date of December 10, 2005 on the signature line, the proof of service for mailing attached to the petition is dated May 7, 2007. On June 11, 2007, this court granted petitioner's request for an extension of time to file an amended petition. On July 16, 2007, petitioner filed an amended petition with this court. Therein, he claims that he was denied effective assistance of trial counsel and that evidence used at trial was obtained pursuant to an unconstitutional search and seizure.

II. Respondents' Motion to Dismiss

Respondents argue that the statute of limitations for the filing of a federal habeas petition began to run on November 10, 2004, the day after the judgment became final, and continued to run until August 23, 2005, the date petitioner's first state habeas petition was mailed

---

[1] The petition was mailed to the Superior Court by petitioner on August 23, 2005.

2

1  to the Sacramento County Superior Court.  (Mot. to Dismiss (MTD) at 3.)  By respondents'

2  calculation, the statute of limitations for the filing of a federal petition ran for 286 days before it

3  was tolled by petitioner's filing of his first state habeas petition.  (Id.)  The federal statute of

4  limitations was then tolled while habeas petitions were pending in the Sacramento County

5  Superior Court and the California Court of Appeal.  (Id. at 4.)  However, respondents argue that

6  there was no interval tolling between the date of the California Court of Appeal's decision and

7  petitioner's filing of his habeas petition with the California Supreme Court.  (Id. at 4-5.)

8  Respondents note in this regard that although the habeas petition filed with the California

9  Supreme Court is dated December 10, 2005, petitioner did not provide a proof of service with

10  that petition and prison mail logs indicate that he did not actually mail his petition to the

11  California Supreme Court until April 11, 2006.  (Id. at 5.)  The interval between November 10,

12  2005, when the California Court of Appeal denied the habeas petition before it, and April 11,

13  2006, when petitioner apparently mailed his habeas petition to the California Supreme Court, is

14  approximately five months.  (Id.)  Respondents argue that delays of 97 and 71 days between the

15  decision at one level of collateral review and the filing at the next level have been found to be

16  unreasonable for purposes of statutory tolling.  (Id. at 6) (citing Culver v. Director of Corrections,

17  450 F. Supp. 2d 1135, 1140-41 (C.D. Cal. 2006)).

18        Respondents also dispute petitioner's explanation for the delay in filing his federal

19  petition.  In this regard, on the form petition filed with the California Supreme Court, petitioner

20  was asked to "[e]xplain any delay in the discovery of the claimed grounds for relief and in raising

21  the claims in this petition."  (Lod. Doc. 7.)  Petitioner answered, "Petitioner is a layman studying

22  the law on issues raised herein within reasonable time period (1 year) exhausting state remedies."

23  (Id.)  Respondents argue that petitioner provided the same "perfunctory response" to the inquiry

24  regarding delay in both his first and second state habeas petitions, even though he was able to file

25  his petition in the California Court of Appeal in less than a month after the Superior Court

26  petition was denied despite the fact that he included a new claim not contained in the petition he

1   filed in the Superior Court.  (MTD at 6.)  Finally, respondents argue that the petition filed in the

2   California Supreme Court was essentially a duplicate of the petition filed with the California

3   Court of Appeal and that sixty days should have been a sufficient period of time for petitioner to

4   prepare that petition.  (Id.)  Therefore, respondents argue that petitioner's five-month delay

5   between the denial of his petition by the California Court of Appeal and his filing in the

6   California Supreme Court was unreasonable.  Accordingly, they argue, petitioner is not entitled

7   to statutory tolling with respect to this 153 day-long gap.  (Id.)

8           By respondents' calculation, because the statute of limitations ran for 286 days

9   before petitioner filed his first state habeas petition and ran another 153 days between the denial

10  of the Court of Appeal petition and the filing of the petition with the California Supreme Court,

11  the one-year statute of limitations for filing a federal petition expired on January 28, 2006.  (Id. at

12  7.)  Petitioner's federal habeas petition was filed nearly sixteen months later, clearly exceeding

13  the statute of limitations.  (Id.)[2]

14  III.  Plaintiff's Opposition

15          Petitioner concedes that his federal habeas petition before the court was filed

16  beyond the one-year statute of limitations.  (Opp'n at 1.)  However, petitioner claims that he is

17  not "'lawfully' in custody" for the reasons set forth in his pending petition.  (Id.)  In conclusory

18  language, petitioner argues that the state court's decision denying him habeas relief was an

19  unreasonable application of federal law and that the state court made an unreasonable

20  determination of the facts.  (Id. at 2.)  Without further explanation, petitioner asserts that the state

21  courts failed to conduct an evidentiary hearing to determine "decisive and operative 'facts'" and

22  the courts' factual findings are contradicted by clear and convincing evidence.  (Id.)  Finally,

23  petitioner "incorporates by reference his petition for writ of habeas corpus, along with all

24

25          [2] Respondents also note argue that the petition before the California Supreme Court was
      itself filed over two months after the federal statute of limitations expired.  (MTD at 7.)
26      Respondents contend that once the limitations period expires, the filing of another petition in
      state court cannot revive the statute of limitations or extend it.  (Id.)

4

1   supporting documents, including the supporting exhibits previously filed." (Id. at 4.)  Petitioner

2   requests an evidentiary hearing in this court, that his habeas petition be granted, that counsel be

3   appointed, and that any other appropriate relief be granted.  (Id.)

4   IV.  Analysis

5              Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a

6   one-year period of limitation applies to a petition for writ of habeas corpus filed in federal court

7   by a person in custody pursuant to the judgment of a state court.  28 U.S.C. § 2244(d)(1).  The

8   statute of limitations applies to all federal habeas petitions filed after the statute was enacted on

9   April 24, 1996.  Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).  Because this action was

10  commenced in 2007, the AEDPA period of limitations is applicable to the petition.  Specifically,

11  that statute now provides in relevant part:

12          (d) (1)  A 1-year period of limitation shall apply to an application
            for a writ of habeas corpus by a person in custody pursuant to the
13          judgment of a State court.  The limitation period shall run from the
            latest of –
14
                 (A) the date on which the judgment became final by the
15          conclusion of direct review or the expiration of the time for
            seeking such review;
16
                 (B) the date on which the impediment to filing an
17          application created by State action in violation of the Constitution
            or laws of the United States is removed, if the applicant was
18          prevented from filing by such State action;

19               (C) the date on which the constitutional right asserted was
            initially recognized by the Supreme Court, if the right has been
20          newly recognized by the Supreme Court and made retroactively
            applicable to cases on collateral review; or
21
                 (D) the date on which the factual predicate of the claim or
22          claims presented could have been discovered through the exercise
            of due diligence.
23
                 (2) The time during which a properly filed application for State
24          post-conviction or other collateral review with respect to the
            pertinent judgment or claim is pending shall not be counted toward
25          any period of limitation under this subsection.

26  28 U.S.C. § 2244(d).

1    Petitioner does not dispute that his federal petition was filed beyond the one-year

2  AEDPA statute of limitations.  Therefore, it is unnecessary for the court to address any issues

3  related to whether petitioner is entitled to statutory tolling under § 2244(d)(2).  In short, it is clear

4  that the statute of limitations for the filing of a federal petition expired in this case rendering the

5  pending petition untimely.  The period of time between the date petitioner's judgment of

6  conviction became final and the date his first state habeas petition was filed is 286 days.  The

7  period of time between the date the California Supreme Court denied petitioner's state habeas

8  petition and the date his federal habeas petition was filed in this court is 158 days.  Those two

9  periods add up to 444 days of untolled time in any case even if petitioner were found to be

10  entitled to gap tolling for the entire time he was pursuing state habeas relief.  Thus, the federal

11  petition was untimely filed at the very least by 79 days.

12    Petitioner has not even attempted to allege any circumstances beyond his control

13  that made it impossible to file a timely petition.  Accordingly, the court also finds that petitioner

14  is not entitled to equitable tolling of the AEDPA statute of limitations.

15                                            CONCLUSION

16    Accordingly, IT IS HEREBY RECOMMENDED that:

17    1.  Respondents' October 15, 2007 motion to dismiss the petition as filed beyond

18  the one-year statute of limitations, be granted; and

19    2.  This action be dismissed with prejudice.

20    These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within five days after service of the objections.  The parties are advised

26  /////

1    that failure to file objections within the specified time may waive the right to appeal the District

2    Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: July 18, 2008.

4

5    _____

6    DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7    DAD:4
   roja0911.mtd

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26